IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BARR,<br>　　　　　Plaintiff,<br>and<br><br>TIM GARRIS<br>　　　　　Plaintiff,<br>and<br><br>WILL COLLINS<br>　　　　　Plaintiff,<br>and<br><br>TREVOR POOLE<br>　　　　　Plaintiff,<br>and<br><br>CHELSEA McLELLAN<br>C/O Michael Piotrowski , Esq.<br>2721 Manchester Road<br>Akron OH 44319<br>　　　　　Plaintiff,<br><br><br>vs.<br><br>CLEVELAND METROPARKS<br>4101 Fulton Parkway<br>Cleveland OH  44144<br><br>　　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

**PARTIES AND JURISDICTION**

1.　　This action is brought by Plaintiffs to recover overtime wages earned by them and owed to them by their employer, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiffs are United States citizens and work in Cuyahoga County, Ohio.

3. At all relevant times, Defendant employed Plaintiffs as Rangers. At all relevant times, Plaintiffs were employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(2)(C), and were engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

4. Defendant Cleveland Metroparks ("Metroparks") is a Metropolitan Park District organized under the laws of Ohio. Defendant Metroparks is an employer within the meaning of Section 3(d) and 3(x) of the FLSA, 29 U.S.C. § 203(x); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## FACTUAL BACKGROUND

6. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

7. Upon information and belief, the Metroparks Ranger Division employs six rangers who are assigned to the K-9 Unit. During relevant periods, Plaintiffs were assigned to the K-9 unit where they were responsible for a police dog. The police dogs in the K-9 unit are referred to as "K-9s."

### Plaintiffs

8. Each of the Plaintiffs is assigned a K-9 partner to assist in his or her ranger duties.

9. Each Plaintiff is responsible for their K-9 partner while the K-9 is assigned to the Plaintiff.  Throughout that period, the Metroparks required Plaintiffs to care for their dogs and house the dog in their home.  Plaintiffs cared for K-9's seven days per week, 365 days per year.  Such care included, but was not limited to, pre-shift, post-shift, and off-duty daily routines.  The care of the K-9's took approximately 1 hour per day, or 7 hours per week.

**Pre-Shift, Post-Shift and Off-Duty Work**

10. The pre-shift routine included work consisting of feeding, watering, breaking, exercising, training, grooming, and general care.

11. The post-shift routine included work consisting of feeding, watering, waiting to avoid stomach torsion, breaking, exercising, training, grooming, and general care.

12. The off-duty routine included work consisting of feeding, watering, breaking, grooming, training, exercising, bathing, attending veterinary visits, and general care.

13. The performance of the duties listed in paragraphs 10 through 13 above were required by the Metroparks in order to ensure that the K-9 was nourished and in good health, and ready and available for active service at a moment's notice.

14. The performance of the duties listed in paragraphs 10 through 13 above was necessarily and primarily for the benefit of the Metroparks and its law enforcement efforts.

15. The performance of the duties listed in paragraphs 10 through 13 above were an integral and indispensable part of Plaintiffs' jobs in the K-9 unit.

16. While employed in the K-9 unit, Plaintiffs worked in excess of their regular schedule on a regular and recurring basis.

17. Plaintiffs were not paid wages or overtime for the care of the K-9 during their employment with the Metroparks, in the manner and methods provided in, and subject to, the exemptions in 29 U.S.C. §§ 207 and 213, as required under the FLSA.

18. The Metroparks failed to make, keep and preserve records of the hours worked by Plaintiffs.

19. As a result of the Metroparks' record-keeping practices, the work performed by Plaintiffs is unrecorded in the Metroparks' time and earnings records.

20. The Metroparks knowingly and willfully failed to pay Plaintiffs wages and overtime during their employment.

## COUNT ONE
### (Violation of the Fair Labor Standards Act)

21. Plaintiffs re-alleges all prior paragraphs and incorporate them here by reference.

22. The Metroparks' practice and policy of not paying Plaintiffs wages and overtime compensation for the care of the K-9 Officer at a rate of one and one-half times their regular rate of pay for the hours worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23. The Metroparks' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs violated the FLSA, 29 C.F.R. 516.2(a)(7).

24. By engaging in the above-mentioned activities, the Metroparks willfully, knowingly and/or recklessly violated the provisions of the FLSA.

25. As a result of the Metroparks' practices and policies, Plaintiffs have been damaged in that they have not received wages due them pursuant to the FLSA.

26. Because the Metroparks violated the provisions of the FLSA as set forth above, the Metroparks is liable to Plaintiffs for overtime pay at the rate of one and one-half times their hourly rate for each hour worked in excess of forty hours per workweek for the three-year period immediately preceding the filing of this lawsuit, liquidated damages, attorney fees, and costs of suit.

## CONCLUSION

WHEREFORE, Plaintiffs pray for judgment against Defendant for compensatory damages in an amount which will fully, fairly, and justly compensate them for their damage and loss, for liquidated damages, pre- and post-judgment interest at the statutory rate, for attorney's fees, expenses and costs of suit, and for such other relief as the Court deems just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,


_/s/  Michael W. Piotrowski_
Michael W. Piotrowski (0063907)
2721 Manchester Road
Akron OH  44319-1020
(330) 753-7080 (Telephone)
(330) 753-8955 (Facsimile)
ohiofoplawyer@icloud.com

Attorney for Plaintiffs