# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BARR, et al., | ) | CASE NO. 1:17-cv-1390 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| CLEVELAND METROPARKS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 5, 2017, the parties participated in a mediation session with the magistrate judge. At the conclusion of the mediation, counsel advised the magistrate judge that the parties had reached a settlement resolving plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Minute Order, dated 12-6-17.) Now before the Court is the parties' Joint Motion for Approval of Confidential Settlement and Stipulation of Dismissal with Prejudice. (Doc. No. 21 ["Joint Motion"].) Because the Court finds that the settlement represents a fair resolution of plaintiffs' FLSA claim, the Joint Motion is granted and the settlement is approved.

## I. BACKGROUND

Plaintiffs, Michael Barr, Tim Garris, Will Collins, Trevor Poole, and Chelsea McLellan, were, at all times relevant to this action, employed by defendant as park rangers in the K-9 Unit. They alleged that they were not compensated by way of overtime pay for time spent caring for their assigned police dogs. (Doc. No. 1 (Complaint).) In its answer, defendant denied that

plaintiffs were entitled to any additional wages, and denied that it violated the FLSA. (Doc. No. 4 (Answer).)

On October 4, 2017, the Court conducted a telephonic case management conference with counsel for the parties. During the conference, the Court explored with counsel the possibility of settlement. Counsel advised the Court that the parties were interested in mediation, preferably with Magistrate Judge Parker, as he had successfully mediated a prior case with counsel. (Minutes, dated 10-4-17.) After having participated in an initial mediation session on November 28, 2017 before Magistrate Judge Parker that did not result in settlement, the parties agreed on a final resolution of this matter at the aforementioned mediation session on December 5, 2017. Counsel for the parties separately negotiated claims for attorney's fees and costs.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. §

216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

---

[1] In collective actions, of which this case is not, the court should also consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id*.

## III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiffs assert that they were required to provide care for their assigned police dogs without compensation. At least one defendant also claims to have been retaliated against by defendant. Defendant insists that plaintiffs were paid in compliance with FLSA regulations and denies that any plaintiff was retaliated against in any way. The parties also dispute the range of recovery available, and the parties disagree as to whether defendant is liable for liquidated damages. The divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiffs' counsel, which represents less than 10% of the total settlement, is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court approves the settlement. The claim in plaintiffs' complaint is dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.


Dated: February 2, 2018

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**